228

## In re TOWN DELICATESSEN, Inc.

District Court, S. D. New York.
Jan. 6, 1940.

Friedland & Friedland, of New York City, for trustee.

Schechter & Sulzberger, of New York City, for respondent Edbert Realty Co., Inc.

HULBERT, District Judge.

The question presented is whether the referee in bankruptcy erred in denying the motion of Edbert Realty Co., Inc., for a dismissal of the trustee's petition for a turnover order and in overruling the objections raised in the answer of Edbert Realty Co., Inc., to the jurisdiction of the Court and the sufficiency of the petition.

The bankrupt was adjudicated on July 5, 1939.

It is conceded that the bankrupt was dispossessed in a proceeding instituted in the Municipal Court of the City of New York from the premises 799 Eighth Avenue, of which Edbert Realty Co., Inc., was the owner and landlord, and the bankrupt had occupied and carried on its business under a lease for a term of three years, which commenced Nov. 1, 1938.

The trustee presented a petition alleging that Herschenfeld Equipment Corp. and A. Rauch Inc., did, on or about the 10th day of July, 1939, "by assistance of, arrangement, plan or understanding with the respondent, Edbert Realty Co. Inc., its servants, agents and/or employees, take and carry away all of the properties and assets aforesaid to the bankrupt belonging, and located at premises 799 Eighth Avenue, New York City."

Upon that petition the referee made an order citing the three corporations named to show cause why they should not turn over to the trustee the properties and assets of the bankrupt "now in their hands, or in lieu thereof, the value of the bankrupt's equity therein, the sum of Six Thousand and One 47/100 ($6,001.47) Dollars", that being the difference between the alleged gross value of "the properties and assets" and the chattel mortgage liens thereon.

Edbert Realty Co., Inc., filed an answer denying all of the material allegations of the trustee's petition and alleged as defenses, inter alia, that the trustee's petition did not state facts sufficient to support the jurisdiction of the referee in summary proceedings.

The answer admitted that the bankrupt was in possession of the premises 799 Eighth Avenue until on or about the 4th day of July, 1939, and further alleged that on or about the 12th day of June, 1939, a proceeding was commenced in the Municipal Court of the City of New York, Borough of Manhattan, Third District to dispossess the said bankrupt for non-payment of rent, and that a warrant of dispossess duly issued out of said Municipal Court on or about the 24th day of June, 1939, and that the bankrupt was evicted pursuant thereto.

It is apparent from an examination of the trustee's petition that it did not contain the essential allegations required in a turnover proceeding. The trustee concedes this.

From an examination of the minutes of the proceedings before the referee it appears in denying the motion and overruling the objections of Edbert Realty Co., Inc., he stated: "This petition is one for an injury to property in the possession of the debtor as an officer of the Court after the filing of the petition. Over all that property the court has summary jurisdiction and can proceed to protect it, and if, in fact, it is injured to see that the injury is restored."

Counsel for the trustee now contends that this proceeding is in the nature of an ap-

plication to punish the Edbert Realty Co., Inc., for contempt of court.

I am in accord with the numerous authorities which he cites in support of his contention but I do not agree they are applicable in the case at bar.

Proceedings for contempt are technical in character and the procedure is exacting and the person cited is entitled to a hearing.

The proceeding before the referee was adjourned to January 8, 1940 to take testimony and the petition for review intervenes meanwhile. But, while as the learned referee stated, the petition of the trustee was one for injury to property, the respondents were not apprised of any such charge in the order to show cause signed by him. This I believe to be fatal and the petition being defective the order of the referee is reversed and the proceeding dismissed.

Settle order on two days' notice.